## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **OSCAR ABELENDA, JR.,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| § | **CIVIL ACTION NO. 4:24-cv-4708** |
| **v.** § | |
| § | |
| **SOCIAL SECURITY** § | |
| **ADMINISTRATION,** § | |
| § | |
| **Defendant.** § | |
| § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Defendant Acting Commissioner of Social Security's (the "Commissioner") Motion to Dismiss.  (ECF No. 14).  Plaintiff Oscar Abelenda, Jr. ("Plaintiff") filed a response in opposition (ECF No. 15), and the Commissioner filed a reply (ECF No. 16).[2]  Having considered the motion, the pleadings, and the applicable law, the Court concludes that Commissioner's motion (ECF No. 14) should be **GRANTED**.

## I.    Background

On November 27, 2024, Plaintiff, proceeding *pro se*, filed a "Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief."

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c).  (ECF No. 18).

[2] Plaintiff also filed a motion for leave to file a surreply.  (ECF No. 17).

(ECF No. 1).   In his Petition, Plaintiff alleges that the Social Security Administration ("SSA") failed to schedule and conduct an administrative hearing regarding his benefits eligibility despite repeated requests.  (*Id.* at 2–3).  According to Plaintiff, his "benefits were initially granted, then revoked, leading to a series of requests for reconsideration and appeals for a fair hearing."  (*Id.* at 2).  Plaintiff alleges he requested reconsideration in June 2022, and after receiving no response, he followed up in August 2023.  (*Id.*).  In January 2024, the SSA allegedly "refus[ed] to process his request for a hearing before an Administrative Law Judge."  (*Id.* at 3).

For relief, Plaintiff seeks an order directing the SSA to schedule and conduct an administrative hearing regarding his benefits eligibility.  (*Id.* at 7).  Plaintiff also seeks an order compelling the SSA "to cease its practice of indefinitely delaying [his] requests for reconsideration and a fair hearing, which effectively denie[d] him the opportunity to exhaust administrative remedies."  (*Id.* at 8).

On March 12, 2025, the Commissioner filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), arguing the action had become moot because of subsequent agency action.  (ECF No. 14).  Specifically, the Commissioner contends "Plaintiff's administrative case is now slated to proceed before an Administrative Law Judge with the Special Review

Cadre in SSA's Office of Hearings Operations." (*Id.* at 1). The Commissioner alternatively argues that dismissal is appropriate under Rule 12(b)(6) for failure to state a claim because Plaintiff's administrative remedies have not yet been exhausted, and under Rule 12(b)(5) based on insufficiency of service of process. (*Id.* at 1–2). According to the motion and supporting exhibits, the SSA has mailed Plaintiff a Request for Hearing Acknowledgment, a Notice of Ways to Attend a Hearing, a 75-day notice waiver form, and a request for additional evidence. (ECF Nos. 14-2, 14-3, 14-4, 14-5).

Plaintiff responded, acknowledging that his request for a hearing is now pending at the administrative level; however, he contends "the underlying constitutional and statutory violations that necessitated [his] petition remain unresolved," and "SSA's post-filing acknowledgment of the hearing request does not remedy the prolonged harm, nor does it strip this Court of jurisdiction." (ECF No. 15 at 1). In reply, the Commissioner maintains the action is moot because Plaintiff's administrative case is now proceeding at the hearing level and the hearing office "anticipates sending a notice of hearing specifying a hearing date of on or around July 22, 2025." (ECF No. 16 at 1).

As of the date of this Memorandum Opinion, the parties have not further updated the Court, and the pleadings are ripe for decision.

3

## II.    Legal Standard

Federal courts are courts of limited jurisdiction and may adjudicate only actual cases or controversies.    U.S. CONST. ART. III, § 2.    "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (citations omitted).    "If a dispute has been resolved or if it has evanesced because of changed circumstances, . . . it is considered moot." *Am. Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988) (citation omitted).    Where the question of mootness arises, the court must resolve such question before it can assume jurisdiction.    *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (citations omitted).    If a controversy is moot, the trial court lacks subject matter jurisdiction.    *Carr v. Saucier*, 582 F.2d 14, 15–16 (5th Cir. 1978) (per curiam).    "Motions to dismiss on grounds of mootness are properly brought under Rule 12(b)(1)." *Carter Momsen PC v. DJ Collections & Inv. Enter. Corp.*, No. 18-cv-00053, 2020 WL 12991144, at *2 (W.D. Tex. May 13, 2020) (citation omitted).

The Mandamus Act provides district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A district court's decision not to exercise jurisdiction under

the mandamus statute . . . is a discretionary one." *Ahmed v. Bitter*, 727 F. Supp. 3d 630, 636 (S.D. Tex. 2024) (citation omitted).    But mandamus jurisdiction does exist "if the action is an attempt to compel . . . [the agency] to perform an allegedly nondiscretionary duty owed to the plaintiff." *Id.*

## III.    Discussion

The Court begins by examining the relief requested in Plaintiff's Petition.  Although styled as a petition for mandamus and for declaratory and injunctive relief, the relief sought is an order compelling the SSA to schedule and conduct an administrative hearing regarding Plaintiff's benefits eligibility. (*See* ECF No. 1 at 1, 3–4, 7–8).  The Petition does not request monetary damages, nor does it seek judicial review of a final agency decision under 42 U.S.C. § 405(g).[3]  Rather, it seeks to compel agency action—specifically, to schedule and conduct a hearing.  (*Id.* at 7–8).

---

[3] Although the Petition includes a general request for "any further relief the Court deems just and proper," including damages, such boilerplate language does not alter the nature of the action.  Plaintiff does not assert a cognizable damages claim nor identify a waiver of sovereign immunity permitting monetary relief against the Social Security Administration.  *See Kersh v. Soc. Sec. Admin.*, No. 3:13-cv-00582, 2013 WL 3353854, at *2–3 (D. Or. July 3, 2013) (holding claims seeking payment of Social Security benefits were barred by sovereign immunity where plaintiff had not obtained a final agency decision under 42 U.S.C. § 405(g)); *Kersh v. Portland, Or. Soc. Sec. Adm'r, Soc. Sec. Off., SE Div.*, No. 11-cv-03001, 2012 WL 95213, at *2 (D. Colo. Jan. 12, 2012) (dismissing claims for money damages against the Social Security Administration because sovereign immunity bars suits against the United States and its agencies absent an express congressional waiver).  Accordingly, the Court construes the Petition as seeking only mandamus and injunctive relief compelling agency action.

After Plaintiff's Petition was filed, the SSA advanced Plaintiff's case to the hearing level and assigned it to an Administrative Law Judge ("ALJ"). (ECF No. 14 at 2–3). The SSA has provided written acknowledgment of the hearing request, notified Plaintiff of hearing procedures, requested additional evidence, and represented that a notice of hearing is anticipated in July 2025. (*Id.*; ECF No. 16). Plaintiff may submit evidence now, and an on-the-record decision is possible. (ECF No. 16 at 2–3 ("Plaintiff has the opportunity to submit evidence now, to the Special Review Cadre, Office of Hearings Operations. . . . If the ALJ were to determine that the documents resolve all issues, the ALJ could potentially issue a decision on the record.")).

In light of these developments, the Court can no longer grant the specific relief requested in the Petition—namely, an order compelling the SSA to schedule and conduct a hearing—because the agency is already doing so. "Because Plaintiff has received the relief that it was seeking from this Court, there is no longer a live controversy." *Red Oak Hosp., LLC v. Macys, Inc.*, No. 4:16-cv-1783, 2017 WL 5010513, at *2 (S.D. Tex. Nov. 2, 2017) (holding case was moot because defendants paid plaintiff's underlying medical-services claim after initiation of lawsuit).

Plaintiff argues that his harm remains ongoing and that constitutional and statutory violations have not been cured. (ECF No. 15 at 1–2). He

contends that the SSA's post-filing actions do not remedy years of alleged delay and hardship.  (*Id.* at 2).  While the Court does not minimize Plaintiff's allegations, a petition for mandamus is designed to compel agency action unlawfully withheld and "is rendered moot when the agency takes action which grants the relief requested in the mandamus petition."[4]  *Singhania v. Holder*, No. 3:11-cv-0348, 2011 WL 5166420, at *4 (N.D. Tex. Oct. 6, 2011), *report and recommendation adopted*, No. 3:11-cv-0348, 2011 WL 5222824 (N.D. Tex. Oct. 31, 2011) (citing *Thompson v. United States Dep't of Labor*, 813 F.2d 48, 51 (3d Cir. 1987) (action for declaratory and mandamus relief from hold placed on administrative complaint rendered moot when agency reactivated complaint); *Gray v. Office of Personnel Management*, 771 F.2d 1504, 1514 (D.C. Cir. 1985) (mandamus to compel agency decision became moot when agency rendered decision); *Kansas City Power & Light Co. v. Public Serv. Comm'n*, 651 F.2d 595, 596 (8th Cir. 1981) (mandamus to compel agency to grant hearing rendered moot when agency granted hearing)); *see also Stevenson v. Astrue*, 315 F. App'x 626, 627 (9th Cir. 2009) (dismissing appeal of mandamus claim as moot where SSA took the actions plaintiff sought to compel because court could no longer grant meaningful relief in compelling agency action on delayed

---

[4] *See also* section 706 of the Administrative Procedures Act, which provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706.

benefits claim); *O'Connell v. Massanari*, No. 99-4897, 2001 WL 611333, at *6 (S.D.N.Y. June 4, 2001) (mandamus petition mooted by Social Security Administration decision). Because the SSA is now processing Plaintiff's claim at the hearing level and anticipates issuing a notice of hearing, the Court cannot grant any additional effective relief related to the scheduling of a hearing. The controversy that formed the basis of the Petition is therefore moot.

Plaintiff's response also references alleged due process violations and overpayment issues. (ECF No. 15 at 4–5). To the extent these arguments raise additional claims, they were not clearly pleaded as independent causes of action in the Petition. "[I]t is well established that the [plaintiff] may not amend their Complaint through briefs submitted in response to [defendant's] motion to dismiss." *Skidmore Energy, Inc. v. KPMG LLP*, No. 3:03-cv-2138, 2004 WL 3019097, at *5 (N.D. Tex. Dec. 28, 2004) (citation omitted). Additionally, any challenge to benefits determinations or overpayment decisions is generally subject to the administrative review process and judicial review only after a final decision pursuant to 42 U.S.C. § 405(g). *See Chambers v. Berryhill*, No. 3:19-cv-1062, 2020 WL 5099829, at *7 (N.D. Tex. Aug. 12, 2020), *report and recommendation adopted sub nom. Chambers v. Soc. Sec., Admin.*, No. 3:19-cv-1062, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020), *aff'd*

*sub nom. Chambers v. Kijakazi*, 86 F.4th 1102 (5th Cir. 2023) ("While the decision to suspend benefits, reduce the amount of benefits, and recover overpaid benefits, is not a final determination subject to judicial review, each decision may culminate in an appealable determination if [plaintiff's] claims are ultimately denied. Plaintiff can seek judicial review of any procedural non-compliance by SSA Defendants after a final determination regarding his claims has been made by the SSA.")

Accordingly, the Court concludes that Plaintiff's Petition has been rendered moot by subsequent agency action.[5]

## IV.   Conclusion

Based on the foregoing, the Court **GRANTS** the Commissioner's Motion to Dismiss (ECF No. 14). This action is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** in Houston, Texas on March 5, 2026.

Richard W. Bennett
United States Magistrate Judge

---

[5] Because the Court lacks subject-matter jurisdiction due to mootness, it need not reach the Commissioner's alternative arguments under Rules 12(b)(6) and 12(b)(5). The Court expresses no opinion on the merits of any future claims Plaintiff may pursue following completion of the administrative process. Plaintiff may seek judicial review, if appropriate, after obtaining a final decision from the Commissioner in accordance with 42 U.S.C. § 405(g).